UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Daysi M. Alba,
and other similarly situated individuals,

  Plaintiff (s),

v.

Safety Harbor Facility Operations, LLC,
d/b/a Living Center of Safety Harbor

  Defendant,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Daysi M. Alba and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant Safety Harbor Facility Operations, LLC, d/b/a Living Center of Safety Harbor, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 USC § 1337 and the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Daysi M. Alba is a resident of Pinellas County, Florida. The Plaintiff was a covered employee for purposes of the Act.

3. Defendant Safety Harbor Facility Operations, LLC, d/b/a Living Center of Safety Harbor (hereinafter, Living Center of Safety Harbor, or corporate Defendant) is a Florida corporation doing business in Pinellas County, within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. Defendant Living Center of Safety Harbor is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Pinellas County, Florida, within the jurisdiction of this Court.

## General Allegations

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendant regular and overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former

employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2022, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant Living Center of Safety Harbor is a nursing home located at 1410 Dr. M.L. King Jr. Street N, Safety Harbor, FL 34695, where Plaintiff worked.

8. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

9. Defendant Living Center of Safety Harbor employed Plaintiff Daysi M. Alba as a nurse assistant (CNA) from approximately May 01, 2022, through January 12, 2022, or 36 weeks.

10. The Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours weekly. During the relevant period, Plaintiff was paid a wage rate of $23.00 on weekdays and $24.00 an hour on Saturdays and Sundays.

11. While employed with Defendant Plaintiff and other similarly situated individuals in the asserted class, regularly worked overtime hours (hours in excess of forty (forty) per workweek referred herein as

"overtime hours") and were not paid overtime compensation at the rate of one-half of their regular rate of pay (the "overtime rate"), for all of the overtime hours worked, based in part upon Defendant's custom and practice of failing to credit and pay for regular and overtime hours actually worked, among other violations of the FLSA.

12. Within her period of employment, on May 2022, Plaintiff was not paid her wages for four consecutive weeks. Plaintiff worked 72 hours every week, or a total of 288 hours, but she never received compensation for those hours.

13. Plaintiff complained timely, but Defendant did not fix the problem.

14. After Plaintiff's complaint, she worked a very irregular schedule. Plaintiff was called to work weeks of two days (always Saturday and Sunday) and weeks of seven days.

15. Thus, during her employment with Defendant, Plaintiff worked weeks with less than 40 hours and weeks with more than 40 hours, but she was never paid correctly for her regular hours and overtime hours.

16. On or about November 05, 2022, Plaintiff worked two weeks of 56 hours each, and she was expecting to be paid at least $2,576.00. However, Plaintiff received only a partial payment of $733.28.

17. Plaintiff complained about her missing wages. After November 05, 2022, Plaintiff complained numerous times about her unpaid wages.

18. After these complaints, Plaintiff began to suffer increased retaliation. Plaintiff's working hours were reduced, she was unfairly suspended, and finally, she was terminated.

19. The records, if any, concerning the number of hours worked by Plaintiff and all other employees in the asserted class and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and all other employees in the asserted class.

20. Plaintiff always clocked in and out, ad Defendant could keep track of Plaintiff's hours worked.

21. Therefore, Defendant willfully failed to pay Plaintiff for regular hours in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

22. Defendant also willfully failed for overtime hours, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

23. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 USC §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled.

24. Plaintiff Daysi M. Alba seeks to recover unpaid regular and overtime wages that were never paid to her at the mandatory rate of time and a half her regular rate, liquidated damages, and any other relief as allowable by law.

25. Plaintiff is not in possession of time and payment records, and at this moment, she is to able to provide an accurate Statement of Claim for unpaid regular and overtime hours. Plaintiff is trying to complete information to submit a preliminary Statement of Claim.

26. Plaintiff Daysi M. Alba has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

29. This action is intended to include every CNA and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

30. Plaintiff Daysi M. Alba re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. Defendant Living Center of Safety Harbor was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s) (1)(A). Defendant is a nursing home providing health care services to the aged and handicapped. Defendant worked in connection with a federal agency. Defendant has more than two

employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

32. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a nurse assistant providing care to elderly patients. Through her daily activities, Plaintiff handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

33. Plaintiff is entitled to be paid time and one-half of Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours per workweek. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

34. At all times material, the Employers/Defendant failed to comply with Title 29 USC §§ 201-219 and 29 CFR § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendant to properly pay them at the rate of time and one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

36. As a result of Defendant's willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

37. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Daysi M. Alba and those similarly situated respectfully request that this Honorable Court:

    A. Enter judgment for Plaintiff and other similarly situated and

against Defendant Living Center of Safety Harbor, based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Daysi M. Alba actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff Daysi M. Alba and those similarly situated demand trial by a jury of all issues triable as of right by jury.

### COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

38. Plaintiff Daysi M. Alba re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

39. Defendant Living Center of Safety Harbor was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC

§ 203(r) and 203(s) (1)(A). Defendant is a nursing home providing health care services to the aged and handicapped. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

40. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a nurse assistant providing care to elderly patients. Through her daily activities, Plaintiff handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

41. Plaintiff, Daysi M. Alba brings this action to recover from the Employers Living Center of Safety Harbor unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and

reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

42. Defendant Living Center of Safety Harbor was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

43. At all times material, the employers/Defendant failed to comply with the minimum wage provisions of the Fair Labor Standards Act.

44. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

45. the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day

46. Defendant Living Center of Safety Harbor employed Plaintiff Daysi M. Alba as a non-exempted full-time nurse assistant (CNA) from approximately May 01, 2022, through January 12, 2022, or 36 weeks.

47. During her employment with Defendant, Plaintiff worked several weeks and many regular hours that were not paid to her at any rate, not even at the minimum wage rate as required by law.

48. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above.

49. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

50. As a result of Defendant's willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

51. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Daysi M. Alba and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Daysi M. Alba and against Defendant Living Center of Safety Harbor based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff Daysi M. Alba actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Daysi M. Alba an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Daysi M. Alba and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3

52. Plaintiff Daysi M. Alba re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

53. Defendant Living Center of Safety Harbor was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

54. 29 USC § 206 (a) (1) states, "....an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

55. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

56. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

57. Defendant Living Center of Safety Harbor employed Plaintiff Daysi M. Alba as a non-exempted full-time nurse assistant (CNA) from approximately May 01, 2022, through January 12, 2022, or 36 weeks.

58. Within her period of employment, on May 2022, Plaintiff was not paid her wages for four consecutive weeks. Plaintiff worked 72 hours every week, or a total of 288 hours, but she never received compensation for those hours.

59. Plaintiff complained timely, but Defendant did not fix the problem.

60. After her complaint, Plaintiff worked a very irregular schedule. Plaintiff was called to work for two days (always Saturday and Sunday) and, sometimes, up to seven days per week.

61. Thus, during her employment with Defendant, Plaintiff worked weeks with less than 40 hours and weeks with more than 40 hours, but she was never paid correctly for her regular hours and overtime hours.

62. On or about November 05, 2022, Plaintiff worked two weeks of 56 hours each, and she was expecting to be paid at least $2,576.00. However, Plaintiff received only a partial payment of $733.28.

63. Plaintiff clocked in and out, and Defendant was able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

64. Therefore, during the relevant period, Defendant willfully failed to pay Plaintiff regular and overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1)).

65. Plaintiff never agreed with the lack of payment for her regular and overtime hours, and she complained many times.

66. On or about November 05, 2022, Plaintiff complained about her missing wages for regular and overtime hours.

67. During the subsequent weeks, Plaintiff complained many times, but Defendant did not fix the problem.

68. These complaints constituted protected activity under the FLSA.

69. However, after Plaintiff's complaint on or about November 05, 2022, she began to suffer increased retaliation. Plaintiff's working hours were reduced, she was unfairly suspended, and finally, terminated.

70. Defendant fired Plaintiff on or about January 12, 2023.

71. At the time of her termination, Defendant refused to pay Plaintiff all her overdue regular and overtime hours.

72. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices or retaliation to discharge Plaintiff.

73. There is close proximity between Plaintiff's protected activities and her discharge.

74. The motivating factor which caused Plaintiff's termination, as described above, was her complaints seeking unpaid overtime wages from Defendant. In other words, Plaintiff would not have been discharged but for her complaints about unpaid regular and overtime hours.

75. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

76. Plaintiff Daysi M. Alba has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Daysi M. Alba respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Living Center of Safety Harbor that Plaintiff Daysi M. Alba recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendant Living Center of Safety Harbor to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Living Center of Safety Harbor further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Daysi M. Alba and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Date: January 31, 2023

Respectfully submitted,

        By: **_/s/ Zandro E. Palma_**____
        ZANDRO E. PALMA, PA.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone:    (305) 446-1500
        Facsimile:    (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*